GARDEN, JUDGE:
On May 24, 1968, the claimants resided in Ruby Trees Addition of the City of Moundsville, Marshall County, West Virginia. Prior to *188 that date, the respondent, through an independent contractor, erected a temporary bridge or causeway over Middle Grave Creek and used the same to haul heavy construction equipment in connection with the erection of a bridge across said Creek. After the completion of the bridge, the claimants requested respondent to remove the temporary bridge or causeway because of a danger of flooding their property. This was not done and on May 24, 1968, a flooding occurred which completely inundated the home of claimants destroying and damaging items of personal property of a total value of $5,999.55, according to the Notice of Claim.
The liability in this claim was not contested, counsel for respondent in his opening statement admitting the same. The problem that confronts this Court is that of making a proper award and one that will make the claimants “whole”. The items of personal property that were destroyed ranged from three used automobiles, a freezer, and a hot water tank to the contents of the freezer consisting of beef, poultry, and frozen foods. As a matter of fact, 18 separate items of personal property were alleged to have been destroyed. The testimony at the hearing by the claimants was far from satisfactory and certainly did not in any way meet the degree of proof necessary to establish a proper measure of damages.
There was introduced at the hearing as a joint exhibit an affidavit of claimant, Opal Baker Thomas, setting forth the various items of personal property alleged to have been destroyed. In this affidavit she places a fair market value for each item immediately before they were destroyed, and with the exception of a salvage value of $10.00 for each of the automobiles, she asserts that remaining items of personal property had no value after the flood. In her opinion, according to the affidavit, these items, less salvage, had a total value of $3,759.00. The problem with her estimates as contained in the affidavit is in the fact that her valuations immediately prior to their destruction equals the amount that the claimants paid for such items, with the exception of the $10.00 salvage for each of the three automobiles. This would not disturb the Court, except that the affidavit further reflects that most of the items were purchased some time prior to their destruction and some as early as three years before the loss on May 24, 1968.
Mere speculation or conjecture is not proper proof of damages and the law in this State is clear that damages must be proved with rea *189 sonable certainty. We have scrutinized each item of personal property destroyed and have attempted to place a reasonable fair market value on each item considering its cost and the date of purchase, and we have attempted to be fair to both the claimants and the State and have arrived at a total valuation of $1,920.00.
Award of $1,920.00.