RULEY, JUDGE:
Respondent employed the Mountaineer Construction Company to straighten a curve on U.S. Route 60 near Malden, W.Va. On April 18, 1977, a windy day, a caution sign owned by the construction company was blown over. Part of it fell underneath claimant’s car, damaging it. Claimant seeks to recover the $100.00 deductible, which was not covered by his insurance company, and the cost of renting a car to replace his for the three weeks it took to effect repairs.
Liability in this case is determined by the doctrine of res ipsa loquitur. The doctrine “is available to the plaintiff in any action based on negligence where the instrumentality producing the injury is under the exclusive control of the defendant, and the accident is of such a character as does not occur if due care is used.” 2B Michie’s Jurisprudence, “Automobiles”, §85. This case is a perfect example for the application of the doctrine. The caution sign was under the exclusive control of the State’s agent, the construction company. The exercise of due care by the State’s agents would have prevented the occurrence of this accident. The application of the doctrine of res ipsa loquitur thus establishes a presumption of negligence on the respondent’s part. Respondent has failed to rebut this presumption. The day was not extraordinarily windy, no other cause of the accident has even been alleged, and the claimant was driving properly and was therefore not contributorily negligent. Accordingly, the respondent is found liable.
The amount of damages is more difficult to ascertain. The claimant is entitled to recover his $100.00 out-of-pocket expenses for repairs to his transmission (the amount of the deductible under his insurance policy), an amount which was adequately documented, proven, and not contested. But claimant was unable *22 to produce a receipt for the cost of renting a replacement car, although he did provide an estimate of such costs which he obtained from Hertz, in the amount of $572.51. Damages must be proved with reasonable certainty. Thomas v. Dept. of Highways, 10 Ct.Cl. 187 (1975). The Court is uncertain about the extra charges per mile which claimant seeks to recover, but feels compelled to make an award for three weeks’ rental. Considering claimant’s estimates, an award of $15.00 per day, for 21 days, seems fair and reasonable. Accordingly, claimant is to recover $315.00 for the rental of a replacement vehicle, plus his $100.00 deductible.
Award of $415.00.